**James M. BAKER, Major, U.S. Marine Corps, Appellant**

v.

**Donald C. WINTER, Secretary of the Navy and Department of Navy, Appellees.**

No. 05–5461.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2006.

Grant Edward Lattin, Law Office of Grant Lattin, Woodbridge, VA, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, Mercedeh Momeni, U.S. Attorney's Office, (USA) Civil Appellate, Washington, DC, for Appellees.

Before: HENDERSON, RANDOLPH and GARLAND, Circuit Judges.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the foregoing, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court is hereby affirmed.

Lieutenant Colonel James M. Baker sought modifications to three fitness reports in his Marine Corps personnel records. In the first—"Fitness Report A"—Colonel Timothy ranked Baker ninth among nine captains in his battalion. In the comments section of the report, Colonel Timothy noted that Baker was an "outstanding young Captain," that "his performance of duty has been superb," and that his low ranking among officers with more experience was not a reflection of his abilities. Colonel Timothy has since represented that he based his ranking solely on Baker's lack of experience in relation to the others. In Fitness Reports B and C, Rear Admiral Brewer included no comments about Baker, stating instead that he had "insufficient information" to provide a comparative assessment of Baker. Al-

though it was Admiral Brewer's practice never to leave comments on fitness reports as a matter of policy, he later expressed regret in failing to review Baker because he "did not realize the importance of reviewing officer comments to the new fitness report."

Colonel Timothy and Admiral Brewer submitted "corrected versions" of their fitness reports. The updated Fitness Report A lists Baker ranked first out of nine captains, and the updated Fitness Reports B and C contain new rankings and comments. Between 2001 and 2004, Baker filed four petitions with the Board of Corrections for Navy Records and the Performance Evaluation Review Board, and in three of them included letters and corrected reports from his former reviewing officers that he asked the boards to substitute for the previous reports. Regarding Fitness Report A, the correction boards ultimately found that the corrected report was inappropriately based on "retrospect," and was "insufficient to establish the existence of probable material error or injustice." The boards found that the corrections to Fitness Reports B and C did not show a factual error.

In 2004 Baker filed a claim under the Privacy Act, 5 U.S.C. § 552a(e)(5), with the Marine Corps, which was denied. He then brought an action in district court claiming the correction boards' denials violated his rights under the Privacy Act, and were arbitrary and capricious agency action under the Administrative Procedure Act, *id.* § 706. The district court denied both claims, and Baker brought this appeal.

■ The Privacy Act requires modification only of factual errors, not of errors in opinion, *see Kleiman v. Dep't of Energy*, 956 F.2d 335, 337–38 (D.C.Cir.1992), as the Navy's regulations recognize, *see* 32 C.F.R. § 701.108. Baker claims that Fitness Report A contains a factual error because Colonel Timothy's consideration of Baker's experience in the evaluation was a violation of a Navy reporting regulation, *see* Marine Corps Order P1610.7C, ¶ 4007.-e(6). But on its face, all the regulation prohibits is mentioning experience in the comment portion of the report; the regulation says nothing about taking experience into account in ranking an officer. The only possible error Colonel Timothy made was his statement in the comments section that Baker was an excellent captain despite his lack of experience. Those comments had the effect of helping, not hurting, Baker: the comments are extremely laudatory and mention his experience only to qualify his low ranking. Without the comments, the Report places Baker at the bottom of his battalion for no apparent reason. Thus, even if we were to consider the violation of a reporting regulation a factual error for purposes of the Privacy Act, removing the mention of Baker's experience in the comments section of Fitness Report A is not "reasonably necessary to assure fairness to the individual in the determination," as the Privacy Act requires, 5 U.S.C. § 552a(e)(5).

■ With respect to Fitness Reports B and C, Admiral Brewer represented that he routinely considered his observation of officers such as Baker insufficient, and refrained from providing comments or relative rankings in order to preserve a level playing field. It is thus hard to see what "fact" in Baker's file is erroneous. Brewer nowhere stated that he was mistaken about the amount of time he spent with Baker; rather, he changed his mind given the "importance of reviewing officer comments to the new fitness report." This is not a factual error as the Privacy Act requires.

■ Baker also claims that the correction boards acted arbitrarily and capriciously in denying his requests to modify his file. We review these decisions under an "unusually deferential application of the 'arbitrary or capricious' standard of the APA." *Musengo v. White,* 286 F.3d 535, 538 (D.C.Cir.2002) (citing *Kreis v. Sec'y of the Air Force,* 866 F.2d 1508, 1514 (D.C.Cir.1989)). *Kreis* explained that, because the Secretary is authorized to act *"when he considers it necessary* to correct an error or remove an injustice," 10 U.S.C. § 1552(a) (emphasis added), "[p]erhaps only the most egregious decisions may be prevented under such a deferential standard of review," *Kreis,* 866 F.2d at 1515. In *Musengo,* as here, the plaintiff's former reviewing officer agreed to amend the report originally filed in light of the plaintiff's subsequent failure to be promoted. But we upheld the correction board's refusal to modify the personnel file, given the tendency of former reviewing officers to retract "otherwise accurate assessments" when "disappointed officers" are not promoted as quickly as they hoped or their reviewing officers expected. *Musen-*

*go,* 286 F.3d at 539. The statements of Colonel Timothy and Admiral Brewer accompanying their revised reports do not reflect any factual error upon which the reports were based. As the correction boards noted, the revised reports were based on retrospective judgments regarding Baker's rank among his peers and the prudence of evaluating Baker relative to his peers. The boards' ultimate conclusion that Baker's personnel file contained no probable material error or injustice was therefore neither arbitrary nor capricious.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.